ROXANA MOUSSAVIAN (CA SBN 329897)
JEHAN LANER (CA SBN 309742)
PANGEA LEGAL SERVICES
350 SANSOME ST., SUITE 650
SAN FRANCISCO, CA 94104
TEL.  (415) 579-4662
FAX.  (415) 593-5335
roxana@pangealegal.org
jehan@pangealegal.org

*Pro Bono* Attorneys for Petitioner

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JOHN DOE, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, in his official capacity as the United States Attorney General, et al., <br><br> Respondents. | CASE NO.  20-CV-02263 RMI <br><br> **PETITIONER'S EX-PARTE EMERGENCY MOTION TO AMEND RELEASE ORDER; AND [PROPOSED] ORDER** |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that at the earliest possible hearing date, before the Honorable Magistrate Judge Robert M. Illman, Petitioner, by and through his attorney, will, and hereby does move this Court for an order amending the Court's Order of Release, ECF No. 33. Petitioner requests that the Court amend the order to: (1) allow him to move to a new address; and (2) allow him to provide for basic needs that have been identified since his release from detention, including obtaining food and clothing, a working cellular phone, and mental health care, while continuing to comply with the shelter-in-place order and all applicable laws. On May 4, 2020, Petitioner's attorney corresponded with Mr. Neill Tseng, attorney for Respondents, who stated that Respondents were not able to form their position on this motion today, and reserved the right to oppose or not oppose the motion. Exh. A (Laner Decl., ¶ 7).

## STATEMENT OF RELIEF

Petitioner moves for an order amending the Court's Order of Release, ECF No. 33, as follows:

1. Condition (1) is amended to read: Petitioner is to reside and shelter in place at 2311 Buena Vista Ave., Alameda, CA 94501, unless he informs ICE that he needs to move to a new proposed address, and ICE consents to his new proposed address and contact information.

2. Condition (3) is amended to read: Petitioner shall not leave the above-described address where he shall shelter in place, except to obtain medical or mental health care, to attend court proceedings, to appear at immigration proceedings, to obey any orders issued by this court or by the Department of Homeland Security ("DHS"), to meet his basic needs, including obtaining food, a bank account, a working cell phone and clothing, or to engage in other Essential Activities, as defined by the Alameda County Shelter-in-Place order.

## MEMORANDUM OF POINTS AND AUTHORITIES

### ISSUES TO BE DECIDED

Whether the Court should amend the Order of Release, ECF No. 33, to allow Petitioner to move to a new address that is more appropriate for his needs, and to provide for his basic needs such as obtaining food and clothing, a working cellular phone, and mental health care, while continuing to comply with the shelter-in-place order and other applicable laws.

### I.     INTRODUCTION

Petitioner respectfully requests that the Court amend its Order of Release, ECF No. 33, to allow Petitioner to move to a new address and meet his basic needs, including food, clothing, a working cellular phone, and mental health care. Since his release from Yuba County Jail on April 30, 2020, it has become clear that the Order of Release as currently worded prevents Petitioner from meeting some of these basic needs. *See* Laner Decl., ¶ 6. Petitioner respectfully requests an amendment to: (1) allow him to move to a new address, because a faith group has offered him housing and support in an apartment that is more appropriate for his needs; (2) allow him to leave the above address to take care of basic needs only, including obtaining food, clothing, a bank account, and a working cellular phone in order to communicate with his attorneys and ICE; and (3) allow him to move to any further address after approval by ICE, without having to file a motion in this Court. This amendment would ensure that

Petitioner can remain safe and healthy outside of detention, while meeting Respondents' stated goals of ensuring against flight risk and protecting the community.

## II.  STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

On April 2, 2020, Petitioner filed a petition for writ of habeas corpus, and four days later moved for a temporary restraining order ("TRO") enjoining Respondents from continuing to detain him. ECF Nos. 1, 13. On April 27, 2020, this Court granted Petitioner's motion for a TRO. ECF No. 31. On April 29, 2020, this Court issued an Order of Release (the "Release Order"), ordering Respondents to release Mr. Doe from Yuba County Jail by the next day at 2:00 p.m., subject to several conditions. In particular, the Condition (1) of the Release Order required that Mr. Doe reside and shelter in place at Zuckerberg San Francisco General Hospital ("ZSFGH") and, upon release, to reside and shelter-in-place at an address in Oakland, California. The Release Order stated that should Mr. Doe need to move to another address, he would need to "immediately inform this court and ICE as to his proposed new address." *Id.* Condition (3) of the Release Order also stated that, "Pending further order from this Court, Petitioner shall not leave…the above-described residence…except to obtain medical care, attend court proceedings, to appear at immigration proceedings, or to obey any orders issued by this court or by the Department of Homeland Security." *Id.*

On April 30, 2020, Mr. Doe was released from Yuba County Jail. Laner Decl., ¶ 3. He was taken to the ICE offices in Stockton, California, where he was fitted with a GPS-tracking device on his ankle, which he is required to wear and cannot remove. *Id.* ICE also ordered him to appear for an in-person check-in with an ICE officer on May 27, 2020. *Id.* Mr. Doe was then taken to ZSFGH, where he was admitted for inpatient evaluation and treatment. *Id.* The doctors at ZSFGH determined that Mr. Doe was appropriate for release to outpatient mental health treatment. *Id.* On May 1, 2020, Mr. Doe was discharged by ZSFGH and transported to 3534 Lakeshore Ave, Oakland, California, 94610, as required by this Court's order. *Id.* at ¶ 4. He has resided and sheltered-in-place at this location since. *Id.*

On May 3, 2020, Mr. Doe was offered an alternative housing option by a local faith group, Buena Vista Church, in Alameda, California. *Id.* at ¶ 5. This group promised to provide Mr. Doe housing at an apartment operated by the group, and to assist in providing him emotional and spiritual support, as well as transporting him to any ongoing outpatient mental health appointments. *Id.* The

apartment is located at 2311 Buena Vista Ave., Alameda, CA, 94501. *Id.* Mr. Doe believes that this arrangement is superior to his current address, and would offer him ongoing support that will be crucial to ensuring he can receive outpatient mental health treatment. *Id.*

Furthermore, after Mr. Doe's discharge from ZSFGH, it became clear that the conditions of the Release Order would prevent him from meeting his basic needs, including obtaining food and clothing. For example, Mr. Doe has been in detention for four years and needs new clothing, including underwear, t-shirts, and other pants, but cannot obtain these himself. *Id.* at ¶ 6. Additionally, in order to activate his cellular phone, Mr. Doe needs to open a bank account, which requires him to appear in person with an ID at a bank branch. *Id.* Without a cellular phone, Mr. Doe cannot be in regular communication with his attorneys, ICE, or mental health professionals who have promised to support him. *Id.*

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59, a party may move for amendment of a Court's judgment or order within 28 days after entry of the order. *See* Fed. R. Civ. P. 59(e). Additionally, under Federal Rule of Civil Procedure 60(b), a Court may relieve a party from its obligations under an order for "any…reason that justifies relief," as long as the motion is filed within a reasonable time. Fed. R. Civ. P. 60(b)(6), (c)(1).

### IV. ARGUMENT

Petitioner respectfully requests that the Court amend its order to allow him to move to a new address that is more appropriate for his needs and where he has ongoing support, and to allow him to leave the new address for basic needs, including obtaining food, clothing, a bank account, and a working cellular phone, in compliance with the shelter-in-place order.

First, this Court's Release Order acknowledged that, once released from detention, Mr. Doe may need to change addresses, and required that he immediately inform ICE and the Court with any further proposed address. ECF No. 33. He has now arranged more appropriate housing, which will provide him ongoing support and transportation to mental health appointments, and is informing both ICE and the Court of this proposed change.

Second, since his release from detention, Mr. Doe has discovered that the Release Order as currently formulated does not allow him to meet some of his basic needs. For example, he is not

permitted to leave his address to buy necessary groceries. Furthermore, Mr. Doe's basic needs after over four years of immigration incarceration are significant and unique. Mr. Doe does not have a working cell phone, a bank account, or even a change of clothes. Mr. Doe is not permitted to leave his address to address any of these needs, which poses a serious threat to his ability to re-build a life outside of detention. For example, he is not permitted to leave his address to go to the bank. Yet in order to open a bank account, which is necessary for him to support himself on an ongoing basis and re-activate his cellular phone, he must appear at a bank branch in person. Banks, grocery stores, supermarkets and all businesses that provide necessary services to "economically disadvantaged" individuals are considered "Essential Activities" and remain open during the Alameda County Shelter-in-Place Order, with strict social distancing requirements in place.[1] Even in a time of Shelter-in-Place and social distancing, Mr. Doe cannot survive without the opportunity to meet his own basic needs.

For all of the foregoing reasons, Petitioner respectfully requests that this Court amend the Order of Release, ECF No. 33 to: (1) allow him to move to a new address; and (2) allow him to provide for basic needs, including obtaining food and clothing, a bank account, a working cellular phone, and mental health care, while continuing to comply with the shelter-in-place order and all applicable laws.

Respectfully submitted,

DATED: May 4, 2020

/s/ Jehan Laner
JEHAN LANER, Esq.
Attorney for Petitioner

/s/ Roxana Moussavian
ROXANA MOUSSAVIAN, Esq.
Attorney for Petitioner

---

[1] *See* Alameda County Department of Public Health, Order No. 20-10 (Apr. 29, 2020) http://www.acphd.org/media/572718/health-officer-order-20-10-shelter-in-place-20200429.pdf (essential businesses include "grocery stores" and other businesses that sell "unprepared food, canned food, dry goods, non-alcoholic beverages, fresh fruits and vegetables, pet supply, fresh meats, fish, and poultry, as well as hygienic products and household consumer products necessary for personal hygiene or the habitability, sanitation, or operation of residences[;]" "banks and related financial institutions[;]"and businesses that provide "necessities of life for economically disadvantaged or otherwise needy individuals[.]")

[PROPOSED] ORDER

Upon review of Petitioner's Motion to Amend Order of Release, and for good cause shown, the Court hereby AMENDS the Court's Order of Release, ECF No. 33, as follows:

1. Condition (1) is amended to read: Petitioner is to reside and shelter in place at 2311 Buena Vista Ave., Alameda, CA 94501, unless he informs ICE that he needs to move to a new proposed address, and ICE consents to his new proposed address and contact information.

2. Condition (3) is amended to read: Petitioner shall not leave the above-described address where he shall shelter in place, except to obtain medical or mental health care, to attend court proceedings, to appear at immigration proceedings, to obey any orders issued by this court or by the Department of Homeland Security ("DHS"), to meet his basic needs, including obtaining food, a bank account, a working cell phone and clothing, or to engage in other Essential Activities, as defined by the Alameda County Shelter-in-Place order.

IT IS SO ORDERED.

DATED: May 5, 2020

_____
HONORABLE ROBERT M. ILLMAN
UNITED STATES MAGISTRATE JUDGE